UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMANDA VICENTE QUEVADO,

      Petitioner,

v.

      Case No. 3:26-cv-569-MMH-MCR

WARDEN, BAKER COUNTY
DETENTION CENTER, and
U.S. ATTORNEY GENERAL,

      Respondents.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court on a Petition for Writ of Habeas Corpus (Doc. 1) filed by Salman Buda as next friend of Amanda Vicente Quevado, an immigration detainee. Id. at 4.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). However, "'next friend' standing is by no means granted automatically . . . ." Id. at 163. The would-be next friend must provide an adequate explanation for the

necessity of the designation—such as the real party's mental incompetence or lack of access to the courts—and show that she is truly dedicated to the interests of the real party. Id.

Here, Buda does not demonstrate that "next friend" status is appropriate. He does not explain his relationship to Quevado, and there is no allegation that Quevado is mentally incompetent or has been denied access to the courts.[1] Because Buda does not demonstrate the propriety of "next friend" status, he lacks standing to initiate this action on Quevado's behalf. See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007)[2] ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)[3] ("[W]hen the application for habeas corpus filed by a would be 'next friend' does

---

[1] Buda also alleges that Quevado has not consistently received her psychiatric medication and she has experienced sexual abuse. Doc. 1 at 4. Taken as true, these alleged conditions of confinement are inexcusable; however, they do not demonstrate Quevado is mentally incompetent such that she requires a next friend to litigate on her behalf.

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Moreover, even if there was next-friend status, Buda does not claim to be an attorney. Therefore, he cannot represent Quevado in this action. See Grappell v. Carvalho, 847 F. App'x 698, 701 (11th Cir. 2021) (per curiam) ("While individuals in federal court generally may 'may plead and conduct their own cases personally,' . . . the right to appear pro se does not extend to non-attorney parties representing the interests of others." (internal citation and alterations omitted)); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (non-attorney next friend must be represented by an attorney in order to represent incompetent litigant).

Accordingly, it is **ORDERED**:

1.     The Petition (Doc. 1) is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.      The **Clerk** shall send Quevado a blank petition for writ of habeas corpus form for use in § 2241 cases. If Quevado chooses to refile her claims, she may do so on the enclosed form. She should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 5/19
c:      Amanda Vicente Quevado

4